■ Joy Ann Robles, Respondent, v City of New York et al., Appellants. [851 NYS2d 16]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered September 20, 2006, which, to the extent appealed from as limited by the briefs, imposed the sanction of a missing documents charge on defendants at the time of trial, unanimously reversed, on the law, without costs, and the sanction vacated.

Plaintiff was allegedly injured when she fell on a snowy and icy curb cut ramp in Manhattan two days after a snowfall on March 7, 2003. Defendants have been unable to locate Sanitation Department records to indicate whether or not City workers were involved in snow removal operations in that specific area. However, by all accounts, the curb cut, crosswalk and sidewalk where plaintiff fell were not cleared of snow and ice after the storm.

Plaintiff asserts that the missing records are crucial to her case in order to establish that City workers were in a position to observe the dangerous condition and remedy it. Defendants argue that they may properly prioritize snow removal operations so that even if the snow condition were seen by City employees, it would have been improper for them to abandon their assigned task and instead clear the curb cut ramp. Moreover, the DS-1174 forms for the period February 26 through March 7,

2003 indicate that no snow removal operations were performed in the crosswalk or curb cut area.

This Court has recognized that in discharging its duty of snow removal, a municipality must establish a set of priorities in order to ration the work force (*Valentine v City of New York*, 86 AD2d 381, 386-387 [1982], *affd* 57 NY2d 932 [1982]). Any observations of City workers would thus be irrelevant to plaintiff's negligence claims. Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.